USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/25/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA L. FRIEDEBERG,

                    Plaintiff,

        -against-

THE NEW YORK POST,

                    Defendants.

25-cv-4052 (MKV)

ORDER OF DISMISSAL

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff, proceeding *pro se*, has for over eight months failed to comply with Court Orders or to take any action whatsoever to prosecute her case. The Court has afforded Plaintiff leniency and has issued repeated warnings, including three Orders to Show Cause why the case should not be dismissed for failure to prosecute. [ECF Nos. 4, 17, 18]. Plaintiff, however, has failed even to respond to those Orders, much less to prosecute her case. Accordingly, for the reasons set forth below, this case is dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with Court Orders.

## BACKGROUND

Plaintiff, proceeding *pro se*, initiated this case in May 2025 by filing a complaint against the New York Post. [ECF No. 1]. Thereafter, the Court issued an Order Directing Payment of Fee or IFP Application which directed the Plaintiff "(1) to pay the $405.00 in fees necessary to initiate this action or submit an application to proceed *in forma pauperis* ('IFP'); and (2) to submit a signed signature page of the complaint." [ECF No. 3] at 1. Following Plaintiff's filing-fee payment, the Court issued an Order to Show Cause directing the Plaintiff "to serve the defendant and file proof of service on the docket on or before September 24, 2025." [ECF No. 4 (the "August 2025 Order")]. The Court specifically warned Plaintiff that, "[i]f service ha[d] not been [made]

by that date, and if plaintiff fail[ed] to show cause . . . why service ha[d] not been made, . . . **the complaint may be dismissed for failure to prosecute**.” *Id.* (emphasis original).

Plaintiff timely responded, although her rambling, twenty-one-page submission was not clearly addressed to the substance of the August 2025 Order. [ECF No. 5]. The second page, however—in which Plaintiff indicated in handwriting that she is “standing in for all the similar citizens of the U.S.” and that “the demand is for the [New York Post] to be turned over to [her] and [her] people, lock, stock and barrel”—did purport to constitute “proof of service” on the Defendant. *Id.* at 2. Given the inscrutable nature of Plaintiff’s filing, the Court issued an Order of Service directing the Clerk of Court to issue a summons and further directing Plaintiff to serve the summons and complaint on Defendant within 90 days or risk dismissal for failure to prosecute. [ECF No. 6 (the “Order of Service”)]. The Order of Service recognized that “Plaintiff had not requested the issuance of the summons” at the time of the August 2025 Order, so the Court extended Plaintiff’s time to serve accordingly. *Id.* at n.1. The following day, the Clerk of Court issued the summons.

Shortly thereafter, Defendant appeared through counsel. [ECF Nos. 8, 9]. Defendant filed a Pre-Motion Letter notifying the Court of its intention to move to dismiss and seeking a pre-motion conference to discuss the most efficient path to resolution. [ECF No. 10]. The Pre-Motion Letter indicated, *inter alia*, that, in response to the Court’s Order of Service, Plaintiff had sent the summons, but not the complaint, to a P.O. Box that is, in any event, not the proper address for service of the Defendant. *Id.* at 1–2.

On November 21, 2025, Defendant, with leave of the Court, [ECF No. 11], filed a Motion to Dismiss the complaint, accompanied by a Memorandum of Law in Support and Declaration in Support. [ECF Nos. 13, 14, 15]. Defendant also filed a Certificate of Service indicating that

Plaintiff had been served those documents by certified mail.  [ECF No. 16].

In granting leave for Defendant to file the Motion to Dismiss, the Court had specifically admonished Plaintiff that "failure to amend [her] Complaint or submit opposition briefing in response to Defendant's motion to dismiss may result in dismissal for failure to prosecute." [ECF No. 11] at 2.  Plaintiff did not request leave to amend or submit opposition briefing in response to Defendant's Motion to Dismiss.  As a result, on December 19, 2025, the Court issued an Order to Show Cause.  [ECF No. 17 (the "First Order to Show Cause" or "First OTSC")].  Recalling the Court's prior admonition to Plaintiff, and noting that Plaintiff's deadline to respond to Defendant's motion had passed, the Court expressly directed Plaintiff to, "**on or before December 24, 2025**, . . . file any opposition she may have," and further warned her that failure to do so "**may result in dismissal of her claims** for failure to prosecute."  First OTSC at 1 (emphasis original).

When that deadline passed without any action by Plaintiff, the Court issued another Order to Show Cause [ECF No. 18 (the "Second Order to Show Cause" or "Second OTSC")].  The Court noted that Plaintiff had failed to comply with the previous Order to Show Cause and ordered Plaintiff to file, "**on or before January 6, 2026**, any opposition she may have to Defendant's motion to dismiss" and again warned her that failure to do so "**may result in dismissal of her claims** for failure to prosecute."  Second OTSC at 2 (emphasis original).

To date, Plaintiff has taken no further action whatsoever to prosecute this case.

### DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice if the plaintiff fails to prosecute the case or to comply with court orders.  *See* Fed. R. Civ. P. 41(b).  Dismissal for failure to prosecute is a harsh sanction, and a district court may dismiss a *pro se* plaintiff's case for failure to prosecute only in extreme circumstances.  *See*

3

*Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014); *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013); *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). However, the Secord Circuit has held that a district court is within its discretion to impose the harsh sanction of dismissal for failure to prosecute where, as here, a *pro se* plaintiff causes significant delay, receives notice that she faces dismissal, and fails to respond to the threat of dismissal. *See Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 178 (2d Cir. 2008).

The Second Circuit has instructed district courts to consider the following factors before dismissing an action for failure to prosecute: (1) the duration of the plaintiff's failure to prosecute or comply; (2) whether the plaintiff was on notice that failure to prosecute or comply could result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay of the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) the possibility of imposing a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216.

The Court has carefully weighed all of these factors and concludes that dismissal is clearly warranted. The first factor, the duration of Plaintiff's failure to prosecute or comply with court orders, "breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 255 (2d Cir. 2004); *Mikell v. K&R Realty Inc.*, No. 21-cv-09084, 2024 WL 774968, at *2 (S.D.N.Y. Feb. 26, 2024). Both weigh in favor of dismissal here. First, as explained above, Plaintiff has taken no meaningful action to advance this case since its filing over a year ago. *See Hibbert v. Apfel*, No. 99-cv-4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (holding that a six-month delay justified dismissal where plaintiff had "proffered no explanation for her apparent abandonment of her case, nor . . . made any attempt to contact the[e]

4

Court or [the] defendant."); *Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. Feb. 25, 2022). Second, courts within this Circuit have held that shorter periods than eight months of noncompliance or inaction supported dismissal. *See Ruzsa*, 520 F.3d at 177 (ruling, in a *pro se* case, that a seven-month period of inaction was a delay of significant duration for purposes of dismissal for failure to prosecute); *Prophete v. New York City Health & Hosps.*, No. 23-cv-11117 (RA), 2025 WL 315958, at *2 (S.D.N.Y. Jan. 28, 2025) (finding dismissal appropriate when plaintiff ignored deadline to respond for three months); *Shomo v. Eckert*, 345 F.R.D. 570, 583–84 (W.D.N.Y. March 14, 2024) (finding duration to weigh in favor of dismissal where plaintiff's failure to comply spanned almost five months).

With respect to the second factor, the Court has clearly and repeatedly put Plaintiff on notice that failure to comply with court orders and prosecute this case might result in dismissal, including multiple Orders to Show Cause why the case should not be dismissed for failure to prosecute. *See* [ECF Nos. 4, 17, 18]. In the August 2025 Order, Plaintiff was expressly warned— albeit perhaps prematurely—that failure to serve the Defendant could result in dismissal for failure to prosecute. *See* August 2025 Order at 1. Thereafter, in granting Defendant leave to move to dismiss, the Court warned Plaintiff "that failure to amend the Complaint or submit opposition briefing in response to Defendant's motion to dismiss may result in dismissal for failure to prosecute." [ECF No. 11] at 2. In the Court's First Order to Show Cause, the Court warned Plaintiff that "**failure to oppose Defendant's motion**," on or before December 24, 2025, "**may result in dismissal of her claims** for failure to prosecute." First OTSC at 1 (emphasis original). In its Second Order to Show Cause, the Court warned Plaintiff again, stating that "**failure to oppose Defendant's motion**," on or before January 6, 2026, "**may result in dismissal of her claims** for failure to prosecute." Second OTSC at 2 (emphasis original). These warnings

5

"indisputably gave [Plaintiff] notice" that her case "would be dismissed for future transgressions." *Mitchell*, 708 F.3d at 468. Nevertheless, Plaintiff has effectively declined to participate in the litigation of her own case.

Third, the Court concludes that Defendant is likely to be prejudiced by further delay. The Motion to Dismiss has been pending for approximately six months, with no response by Plaintiff. The Court refrained from dismissing this case without first extending Plaintiff several opportunities to file an opposition. *See* [ECF No. 11 at 2]; First OTSC at 1; Second OTSC at 2. Because of Plaintiff's failure to avail herself of those opportunities, this case has been stalled at the pleading stage for over a year. Discovery has not yet begun. If the Court were to deny the Defendant's motion to dismiss at this point, the Defendant could be prejudiced in its ability to mount a defense because any evidence will have grown stale. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (noting, in affirming dismissal under Federal Rules of Procedure 41(b) and 37, that evidence becomes "increasingly unlikely to be available" as time passes).

Indeed, the defense is already prejudiced insofar as Plaintiff's complaint is barely coherent and does not in any meaningful way identify the claims she intends to assert; without clarification through further briefing, it is difficult to see how a substantive defense could be mounted at all. *See* [ECF No. 14 at 11] (noting that the complaint appears to be premised upon "the delusional notion that the Catholic Church secretly controls a newspaper and uses it to send coded messages to Catholics everywhere."); *id.* at 3 (noting that, "[a]cknowledging her own failure to set forth any individualized causes of action, [Plaintiff] asks[] 'for the Court to furnish the basis of the complaint.'" (cleaned up, quoting [ECF No. 1 at 1]). *See also Drake*, 375 F.3d at 258 (finding

6

prejudice where defendants were "in the dark as to the exact contours of the charges against them and would have had a [difficult] time preparing their defense.").

The fourth factor—balancing the Court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard—weighs in favor of dismissal. The Second Circuit has recognized that dismissal for failure to prosecute "is an important tool for preventing undue delays and avoiding docket congestion." *Drake*, 375 F.3d at 251. The Court has hundreds of cases and should not be put in the position of spending its days attempting to prompt plaintiffs to prosecute them. *See Sanders v. Ramos*, No. 12-cv-5302, 2013 WL 592670, at *3 (S.D.N.Y. Jan. 24, 2013) ("noncompliance with the Court's orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner") (cleaned up), *report and recommendation adopted*, 2013 WL 594229 (S.D.N.Y. Feb. 14, 2013). The Court has given Plaintiff "ample opportunity" to be heard, *Ruzsa*, 520 F.3d at 178, including opportunities to amend her complaint in response to Defendant's pre-motion letter and to oppose the motion to dismiss. *See* [ECF No. 11 at 2]; First OTSC at 1; Second OTSC at 2. Plaintiff declined to avail herself of those opportunities.

Finally, the Court has carefully considered lesser sanctions. *See Baptiste*, 768 F.3d at 216. Because Plaintiff is *pro se*, the Court cannot impose monetary fines on counsel. Moreover, "in light of [Plaintiff's] failure to respond to the notice[s] threatening dismissal, it is . . . unclear that a 'lesser sanction' would have proved effective in this case." *Ruzsa*, 520 F.3d at 178. The Court could sanction Plaintiff by deeming the Defendant's motion unopposed. However, based on an initial read of the complaint, Defendant's motion to dismiss and supporting papers, such a sanction would likely yield the same result (dismissal). *See* [ECF No. 1]; [ECF Nos. 10, 14, 15]. In any event, continuing to refrain from dismissal while issuing additional Orders to Show Cause would

only further burden the Court and the Defendant.  Given that Plaintiff has failed to amend her complaint or to file any opposition to Defendant's motion in accordance with two Orders to Show Cause threatening dismissal and the incoherence of and apparent lack of merit to the complaint, the Court finds that dismissal is the appropriate sanction.

## CONCLUSION

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that this case is DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of Court respectfully is requested to terminate all open motions and to close this case.

**SO ORDERED.**

**Date:  June 25, 2026**
**New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**